## MAYNARD v BURTON et

Ohio Appeals, 5th Dist, Muskingum Co

No 452.   Decided  Nov 25, 1931

H. E. Buker, Zanesville, for plaintiff.
Meyer & Crossan, Zanesville, for defend-
ants.

LEMERT, J.

From the record in this case it may be stated that there are two questions raised:

1. To whom did the property in question belong on the 20th day of January, 1931?

2. What was the fair value of the property removed on that date and the day following?

We believe that a determination of this case depends on the construction to be placed on the lease entered into between the Bullens and Burton on the 16th day of November, 1925, and on the construction placed on the terms of settlement agreed upon by the parties in Case No. 23,958, Common Pleas Court Records. The lease in question expressly provides that unless the property in question was removed from the leased premises within sixty days from the termination of the lease, for any reason other than forfeiture, the lessee's interest in said property was at an end.

The lease in question provided, "All the rights, privileges, duties and obligations herein contained, shall extend to and be binding upon the heirs and assigns of the parties hereto, but lessee shall not assign this lease or sublet the whole or any part of his right or priviliges hereunder without, in each case, first obtaining the written consent thereto of lessors, their heirs or assigns."

In the Answer filed by Hattie T. Burton, executrix of R. C. Burton, deceased, in case No. 23,958, we find the following averment:

"That on the 14th day of June, 1928, Rufus C. Burton died. The said contract of lease was a personal contract between the said Rufus C. Burton and the plaintiff herein, and therefore terminated and ended with the death of the said Rufus C. Burton, and is not in force and effect."

If this be true, then the sixty days within which any property owned by Burton, his heirs or assigns, could have been removed, expired on the 14th day of August, 1928.

In the settlement of Case No. 23,958, the Journal Entry reads as follows:

"This day came the parties herein and settled matters in controversy on the following terms:

1. That by mutual agreement the coal lease entered into by and between the plaintiff's and Rufus C. Burton, deceased, on the 16th day of November, 1925, which lease is of record in the Recorder's Office of Muskingum County, Ohio, in Lease Record 36, page 367, is cancelled, and the plaintiffs and the defendant as executrix of the estate of R. C. Burton, deceased, are released from the obligations of said lease, said estate having and does disclaim any interest in or right to said lease.

2. It is therefore, ordered that said lease shall be cancelled upon said record, and the Clerk of this Court is ordered to certify said cancellation to the Recorder of said County for record.

3. The defendant agrees to pay to plaintiffs, and the plaintiffs agree to accept, the sum of One Hundred Dollars in full settlement of the claim herein sued upon and all other claims growing out of the leasing and conducting of the mining operations or the failure to operate said lease."

The above entry was journalized on September 25, 1930. If that be taken as the termination of the lease, then the right of the defendants to remove the property expired on the 25th day of November, 1930. No part of the property was removed until January 20, 1931.

It is urged in this case that the property was not removed for the reason that it was involved in litigation in case No. 23589, Paul D. Miller vs. Hattie T. Burton, executrix. Page 17 of the lease in question, hereinbefore set out, reads:

"But lessee shall not assign this lease or sublet the whole or any part of his rights or privileges hereunder without, in each case first obtaining the written consent thereto of lessors, their heirs or assigns."

The record fails to disclose, and it was not claimed in argument, that the lessors ever gave the lessee permission in writing to sublet, assign or sell, any part of the property in question to Paul Miller, or any other person. These being the facts, then if the lessee sold, assigned or transferred any part of the property in question to

Paul Miller, by that act he violated the terms of the lease, and thereupon the lease became null and void. In other words, the defendants in the instant case rely upon the wrongful act of the lessee as a reason for not removing the property within the sixty days provided in the lease. These defendants base their claim to this property on the wrongful act of their predecessors in title.

By the terms of the settlement hereinbefore referred to the parties were released from the obligation of the lease, and the said settlement contains the following language;

"Said estate having and does disclaim any interest in or right to said lease."

It is evident, from the language herein used, that the parties understood that they were adjusting all matters in controversy in connection with said lease when, notwithstanding the settlement, the defendants in the instant case, more than four months after said settlement became a matter of record, entered on the property of plaintiff and removed property belonging to him. This we believe the defendants had no right to do. We believe the defendants lost all their claim to this property for the reasons above set out.

We therefore find and believe that the Court below was right on the issues joined when it found for the plaintiff and granted a permanent injunction in the case. In the case below the Court fixed the value at $2000. We do not believe that record warrants the interference with said finding by either increasing or decreasing the same. We believe that the Court was fully warranted in finding the value of the property at Two Thousand Dollars. It therefore follows that the same judgment will be entered in this Court as was entered in the Court below. Exceptions may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.